The Honorable Laura McClure State Representative, 119th District 202 S. 4th Osborne, Kansas 67473
Dear Representative McClure:
As state representative for the 119th district, you request our opinion on the residency requirements applicable to several county offices. Specifically, you ask that we address the following:
"1. For the county offices listed below, is it required that a candidate who is elected or appointed to office be a resident of the county in which the candidate is running for office and does the elected or appointed individual have to remain a resident of the county for the entire term of office?
 County Clerk County Auditor County Purchasing Agent County Controller County Appraiser County Attorney County Treasurer Register of Deeds
"2. For the county offices listed below, if a vacancy occurs, does an individual appointed to the position need to be a resident of the county in which the vacancy occurred?
 County Purchasing Agent County Controller County Appraiser County Attorney County Auditor County Surveyor or Engineer
"3. Is there an `umbrella' statute which supersedes any statute specifically referring to residency requirements for any of the above-mentioned offices?"
We first address your third question. Statutory construction rules provide guidance when confronted with apparent conflicts between statutes. Wherever possible, statutes on the same subject should be read and construed together in pari materia. It is the duty of a court to reconcile different statutory provisions so as to make them consistent, harmonious, and sensible; general and special statutes should be read together and harmonized wherever possible, but to the extent a conflict between them exists, special statutes will prevail unless it appears that the legislature intended to make the more general statute controlling.Kansas Racing Management, Inc. v. Kansas Racing Com'n.,244 Kan. 343 (1989); Guardian Title Co. v. Bell, 248 Kan. 146 (1991). Thus, in answer to your third question, if two statutes both speak to requirements for holding a county office or position, and the statutes are in direct conflict with each other, the specific will prevail over the general.
However, we find no general residency requirement statute applicable to all county officials or employees. We are aware that such authority previously existed. K.S.A. 19-2608 was enacted in 1868 and remained in effect until 1976. Prior to its 1976 repeal, this general statute spoke to filling vacancies in all county offices and indicated that such a vacancy could be created if the person was no longer an inhabitant of the county. The legislative history concerning the 1976 repeal of this statute indicates that the residency requirement was eliminated due to problems with retaining qualified county engineers. It was believed that the statute was an outmoded law that was of no real functional value.
Thus, because no general residency statute now exists for county officers, we must examine the statutes specifically applicable to each county official or employee. We will first address elected county officials. Article 9, section 2 of the Kansas constitution states that "[t]he legislature shall provide for such county and township officers as may be necessary." Such provisions have been made for county officers and are generally set forth in chapter 19 of the Kansas Statutes Annotated.
K.S.A. 19-201 et seq. set forth the general county commissioner statutes. K.S.A. 19-202 requires that such elected officials not only reside in the county, but also imposes district boundaries upon persons holding such a position. If a vacancy occurs during a term of office, K.S.A. 19-203 speaks to the proper procedure and qualifications necessary to fill the position. See Attorney General Opinion No. 86-121. In order to qualify for appointment to this otherwise elected position, the person filling a vacancy for an unexpired term must reside within the district. See also
K.S.A. 25-3902a.
K.S.A. 19-301 et seq. establish the elected office of county clerk. There is no stated statutory residency requirement for persons running for or holding the office of county clerk. However, K.S.A. 19-303 requires that a vacancy be filled by appointment of a qualified elector of the county. K.S.A. 19-501et seq. and 19-1201 et seq. create a similar situation for the positions of county treasurer and register of deeds. While there is a requirement that vacancies be filled from among electors of the county (thus creating a residency requirement for appointed successors to complete a term), there is no corresponding statutory requirement that the person initially elected to those county offices be a resident, nor do the statutes require that such elected county officers continue to be county residents throughout their terms.
The one remaining elected office to which you refer is that of county attorney. K.S.A. 19-701 et seq. create this office and do not contain any mention of a residency requirement for elected county attorneys. K.S.A. 19-715 speaks to appointment in case of a vacancy and does not mention county residency or county electorate status. See Attorney General Opinion No. 76-187.
We understand that existence of a residency requirement for filling a vacancy in the office of county clerk, treasurer and register of deeds may have created the assumption that persons to be elected to or holding these office are impliedly required to be county residents. We do not find support for this implication. Although a dichotomy in residency requirements may be inconsistent, we find no common law nor general statutory construction rule dictating that the same qualifications must apply to persons appointed as apply to persons elected to a particular county position. Absent a specific statute or applicable common law rule requiring residency as a condition for election or remaining in office, we do not believe that such a restriction can be implied merely because statutes concerning a vacancy in office require residency for appointment.
Only the Kansas legislature has the authority to impose election restrictions or qualifications upon elected county officers. See
K.S.A. 1994 Supp. 19-101a(7) ("[c]ounties shall be subject to all acts of the legislature concerning elections, election commissioners and officers and their duties as such officers and the election of county officers.") If a nonresident of the county runs for a county office, the electorate may decide if county residency is important and vote accordingly. Alternatively, the state legislature may change current law to require residency.
Thus, with regard to county residency rules for the elected county officials you name: (1) While there is a county electorate requirement for persons appointed to fill vacancies for county treasurer, clerk and register of deeds, we find no authority requiring that persons elected to those positions be residents or that a person elected remain a county resident; (2) a person elected or appointed to fill a vacancy as county attorney is not required to be a county resident; and (3) elected or appointed county commissioners must reside in the district represented to be eligible for the office and to remain in the office.
We next address the noted non-elected county personnel. K.S.A.19-248, 19-260a, 19-3a01, 19-430, 19-6a02, and 19-1403 permit the board of county commissioners to employ a county counselor, county appraiser and (in certain counties) a county purchasing agent, county public administrator, county controller, and county surveyor or engineer. (Note: K.S.A. 19-1401 allows Shawnee and Wyandotte counties to elect a county surveyor or engineer, but imposes no residency requirement for such a position.) These statutes do not contain any residency requirements. If a person thus employed by the county is otherwise capable of carrying out the assigned duties, the hiring or appointing authority may properly employ nonresidents.
However, as the restrictions set forth in K.S.A. 1994 Supp.19-101a(7) do not apply to non-elected personnel, it is possible for counties to adopt some residency requirements for county employees if those requirements otherwise comport with constitutional law. See Myers, The Constitutionality ofContinuing Residency Requirements for Local Government Employees:A Second Look, 23 Cal. W.L. Rev. 24 (1986); Annot. 4 A.L.R. 4th 380 (1981); Lanes v. City of Topeka, 223 Kan. 772 (1978).
In summary, it is our opinion that a county commissioner must reside within the district served in order to be elected and remain in that elected position. However, while appointments to fill vacancies in such offices must be made from among the county electorate, there is no statutory requirement that a candidate for or an elected county treasurer, county clerk or register of deeds reside or remain within the county. Persons elected or appointed to serve as a county attorney are not required to be county residents. Kansas statutes do not require county residency of persons hired as county auditor, controller, purchasing agent, appraiser, surveyor or engineer.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Theresa Marcel Nuckolls Assistant Attorney General
CJS:JLM:TMN:jm